# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## PARKERSBURG DIVISION

KIRT R. KING,

      Movant,

v.                                  CIVIL ACTION NO. 6:10-cv-01025
                                  (Criminal No. 6:04-cr-00127-01)

UNITED STATES OF AMERICA,

      Respondent.

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner's motion [Docket 706]. By Standing Order entered August 17, 2010, and filed in this case on August 1, 2006, this action was referred to United States Magistrate Judge Mary E. Stanley for submission of proposed findings and a recommendation (PF&R). Magistrate Judge Stanley filed her PF&R [Docket 715] on September 15, 2010, recommending that this Court dismiss the motion as a successive § 2255 motion.

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir.1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court

need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Petitioner filed objections to the Magistrate Judge's PF&R on September 29, 2010. [Docket 717]. Specifically, Petitioner objects that it was unlawful for him to be sentenced to a mandatory consecutive 60 months of imprisonment under 18 U.S.C. § 924(c)(1)(A) after a mandatory minimum 10 year sentence under 21 U.S.C. § 841(b). Petitioner objects to the Magistrate Judge's citation of *United States v. Studifin*, 240 F.3d 415 (4th Cir. 2001), and also notes that the Supreme Court of the United States "has agreed to consider this issue which Petitioner now claims." On November 15, 2010, the Supreme Court entered an opinion on the matter, *Abbott v. United States*, ___ U.S. ___, 131 S. Ct. 18, 23 (2010), holding:

> [A] defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction. Under the "except" clause as we comprehend it, a § 924(c) offender is not subject to stacked sentences for violating § 924(c). If he possessed, brandished, and discharged a gun, the mandatory penalty would be ten years, not 22. He is, however, subject to the highest mandatory minimum specified for his conduct in § 924(c), unless another provision of law directed to conduct proscribed by § 924(c) imposes an even greater mandatory minimum.

Accordingly, Defendant's sentence was proper, and this objection is **OVERRULED**.

Furthermore, Petitioner's motion is a successive § 2255 motion that attempts to challenge his sentence. A successive § 2255 motion requires an order authorizing this Court to consider such a motion. As there has not been authorization from the Court of Appeals for the Fourth Circuit for Petitioner to file a successive petition, the Court must **DISMISS** Petitioner's motion [Docket 706].

2

Accordingly, the Court **ADOPTS** the PF&R [Docket 715], **DISMISSES** Petitioner's motion as successive [Docket 706], and **DISMISSES** this case from the docket. A separate Judgment Order will enter this day implementing the rulings contained herein.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 25, 2011

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE